UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION
_____

JOSHUA JERMAINE MCKNIGHT,

          Plaintiff,                Case No. 2:18-cv-99

v.                                           Honorable Janet T. Neff

UNKNOWN PERRY et al.,

          Defendants.
_____/

## OPINION

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez,* 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim against Defendant Pawley.

## Discussion

    I.      <u>Factual Allegations</u>

Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) at the Alger Correctional Facility (LMF) in Munising, Alger County, Michigan. The

events about which he complains, however, occurred at the Chippewa Correctional Facility (URF) in Kincheloe, Chippewa County, Michigan. Plaintiff sues Corrections Officer Unknown Perry, Corrections Officer Unknown Pawley, Nurse Unknown Party #1, and Corrections Officer Unknown Party #2.

Plaintiff alleges that on October 1, 2017, while at URF, Plaintiff was involved in an incident in the chow hall. During the incident, Plaintiff fell and hit his head, which caused him to lose consciousness. Plaintiff states that he was in and out of consciousness while Defendants Perry and Unknown Party #2 cuffed him and half carried him to segregation. Plaintiff asked for medical attention, but Defendants Perry and Unknown Party #2 denied his request. Plaintiff spoke to Defendant Unknown Party #1 during medication rounds and stated that he was suffering memory loss, headache, dizziness, nose bleeds, twitching of his eye, and nausea as the result of hitting his head. Defendant Unknown Party #1 told Plaintiff to write a kite. Plaintiff wrote several kites, to no avail.

On December 5, 2017, Plaintiff was transferred to LMF. On February 14, 2018, Plaintiff wrote a kite seeking medical care. On February 28, 2018, Plaintiff was seen by Dr. Bonefeld and was diagnosed with post-concussion syndrome. Plaintiff was prescribed medication for migraine symptoms. Plaintiff states that Defendants violated his rights under the Eighth Amendment when they refused to provide him with medical care following his injury. Plaintiff seeks damages.

II.    Failure to State a Claim

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While

a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

The Court notes that Plaintiff fails to name Defendant Pawley in the body of his complaint or to allege any specific facts showing wrongdoing on the part of Defendant Pawley. Conclusory allegations of unconstitutional conduct without specific factual allegations fail to state a claim under § 1983. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Therefore, Defendant Pawley is properly dismissed.

Plaintiff's Eighth Amendment claims against Defendants Perry, Unknown Party #1, and Unknown Party #2 are nonfrivolous and may not be dismissed on initial review for failure to state a claim.

## **Conclusion**

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Defendant Pawley will be dismissed for failure to state a claim, under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).

An order consistent with this opinion will be entered.

Dated:  October 24, 2018     /s/ Janet T. Neff
　　　　　　　　　　　　　　　Janet T. Neff
　　　　　　　　　　　　　　　United States District Judge